UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RASHEIDA ALSTON,

                      Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, ET AL.,

                      Defendants.

24 Civ. 0009 (DEH)

**MEMORANDUM OPINION AND ORDER**

---

DALE E. HO, United States District Judge:

    Plaintiff Rasheida Alston ("Plaintiff" or "Alston") brings this action against Defendants the New York City Department of Education ("DOE"), Lashanta Baptiste, Walter Glass, and Barry Rivers (collectively, "Defendants"). She alleges various claims for employment discrimination, hostile work environment, and retaliation under: (1) federal law against DOE, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; and (2) state and city law against all Defendants, pursuant to the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*. *See* Second Am. Compl. ("SAC"), ECF No. 9. Before the Court is Defendants' partial motion to dismiss, ECF No. 18. For the reasons discussed below, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

## LEGAL STANDARDS

    Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)).[1]  The Court accepts "all [non-conclusory] factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor."  *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021).  However, a court must disregard "any conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'"  *Sacerdote*, 9 F.4th at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While all the allegations contained within the complaint are assumed to be true, this principle is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Because Defendants do not seek dismissal of this case in its entirety, the allegations in the SAC are described below only as necessary to adjudicate the issues raised in Defendants' motion.

### I. Reasonable Accommodation Claim Under the ADA.

In her SAC, Plaintiff alleges that she suffered from severe anxiety as a result of retaliatory actions at work, and that she intended to seek an accommodation of working from home.  *See* SAC ¶¶ 172-76.  She brings reasonable accommodation claims under the ADA, NYSHRL, and NYCHRL.  *See id.* ¶¶ 198, 213, 228.  Defendants move to dismiss her reasonable accommodation claims on the grounds that she never actually requested such an accommodation. *See* Defs.' Mem. Law Supp. Partial Mot. Dismiss ("Defs. Mem."), ECF No. 19.  In her Response, Plaintiff does not oppose dismissal of these claims.  *See* Pl.'s Mem. Law Opp. Defs.' Partial Mot. Dismiss ("Pl. Mem."), ECF No. 23, at 4 n.3.  Accordingly, Plaintiff's reasonable accommodation claims are dismissed.

---

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.  All references to Rules are to the Federal Rules of Civil Procedure.

**II.     The Timeliness of Plaintiff's Hostile Work Environment Claims for Acts Occurring Prior to May 14, 2022.**

Plaintiff alleges that she was subject to a hostile work environment, largely in the form of sexual harassment by Defendant Rivers. *See* SAC ¶¶ 36-72, 87-88, 116-21. This behavior commenced "[s]hortly after Plaintiff began her employment," *id.* ¶ 36—which was on July 26, 2021, *see id.* ¶ 24—and continued through at least "early April 2022," *see id.* ¶ 116.

Defendants argue that any federal claims arising from this alleged harassment are untimely. Plaintiff's EEOC complaint asserting violations of Title VII and the ADA by DOE was filed on March 10, 2023. *See* SAC ¶ 6. The parties agree that, under those statutes' 300-day limitations periods, the relevant date for assessing the timeliness of Plaintiff's federal claims is May 14, 2022. *See* Defs. Mem. 10-11; Pl. Mem. 4. Plaintiff contends that her claims are not untimely because the harassment continued up "until her termination . . . on May 18, 2022," Pl. Mem. 8, and that, under the continuing violation doctrine, similar incidents of harassment that occurred prior to the May 14, 2022 cutoff remain actionable, *see id.* 4-11. Defendants counter that the continuing violation doctrine does not save Plaintiff's federal hostile work environment claims because the SAC does not actually allege any discrete acts relevant to that claim occurring after the May 14 cutoff date. *See* Defs.' Reply Supp. Partial Mot. Dismiss ("Defs. Reply"), ECF No. 30, at 3.

The SAC is not pellucid on this point. But the Court declines at this stage to dismiss Plaintiff's federal claims against DOE for pre-May 14, 2022 events. "[T]he statute of limitations is an affirmative defense for which a defendant bears the burden of proof." *Goodwine v. City of New York*, No. 15 Civ. 2868, 2016 WL 3017398, at 5 (S.D.N.Y. May 23, 2016). But "at the motion to dismiss stage, some courts have declined to decide whether the continuing violation doctrine applies because 'determining whether the events comprising the basis for [a] plaintiff's

claim are part of a single, continuous course of conduct is a fact-intensive inquiry.'" *Akhtar v. Saudia*, No. 19 Civ. 3763, 2021 WL 1758807, at 10 (S.D.N.Y. May 4, 2021) (quoting *Cardwell v. Davis Polk & Wardwell LLP*, No. 19 Civ. 10256, 2020 WL 6274826, at 1 (S.D.N.Y. Oct. 24, 2020)). The relevant inquiry requires a degree of "flexibility [that] is useful in a context as fact-specific and sensitive as employment discrimination and as amorphous as hostile work environment." *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 77 (2d Cir. 2010).

And here, given that Defendants do *not* argue that Plaintiff's hostile work environment claims against the Individual Defendants under state and city laws are time-barred, *see* Defs. Mem. 2 n.1, "there is little or nothing gained at this stage of the litigation by deciding . . . whether . . . the 'continuing violation' doctrine apply, as Plaintiff contends," because a decision in Defendants' favor "w[ould] have no bearing on the scope of discovery." *Goodwine*, 2016 WL 3017398, at 5. However, because "[t]he Court will presumably need to resolve those issues before trial as they would affect what the jury is asked to decide and may affect the evidence admissible at trial," "Defendants' arguments about the timeliness of Plaintiff's claims are rejected" at this stage, "but without prejudice to renewal on a more complete record at summary judgment." *Id.*[2]

### III. Whether Plaintiff Has Adequately Alleged that Her Termination Was Motivated by Discrimination.

Plaintiff's various employment discrimination claims concerning her termination require that she allege that it was motivated or caused by discriminatory intent. *See, e.g.*, *Buon v.*

---

[2] Defendants also argued in their Opening Brief that Plaintiff's hostile work environment claims under state and city laws against DOE (but *not* against the Individual Defendants) were also time-barred. *See* Defs. Mem. 13-14. In her Opposition, however, Plaintiff noted that the continuing violation doctrine is given a more expansive construction under the NYCHRL, *see* Pl. Mem. 7 n.6, and Defendants abandoned this argument in their Reply, *see* Defs. Reply.

*Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (under Title VII, a plaintiff alleging an employment discrimination claim must allege that "the employer was motivated by discriminatory intent"); *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (under the ADA, a plaintiff bringing an employment discrimination claim must allege that an "adverse action was imposed because of her disability"); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (under the NYCHRL, a plaintiff must allege "differential treatment—that she is treated 'less well' because of a discriminatory intent"); *Mumin v. City of New York*, No. 23 Civ. 03932, 2024 WL 5146085, at *12 (S.D.N.Y. Dec. 17, 2024) (legal standards under the NYSHRL are now the same as under the NYCHRL).

Here, Defendants argue that Plaintiff has failed to allege that her termination was motivated by discrimination. *See* Defs. Mem. 16-21. Plaintiff's allegations regarding discriminatory motive center on two individual defendants: Defendant Rivers, who allegedly harassed her, *see* Pl. Mem. 12-13; and her direct supervisor Defendant Baptiste, who allegedly made several comments regarding Plaintiff's anxiety disorder, *see id.* at 13 (citing SAC ¶¶ 108-14). Defendants, however, argue that Plaintiff's allegations regarding these two defendants are insufficient to create an inference that her termination was motivated by discrimination, because neither Rivers nor Baptiste is alleged to have played a role in her termination, and their discrimination cannot be imputed to Defendant Glass, who made the actual decision to terminate her. *See* Defs. Mem. at 19-21.

Plaintiff responds by arguing that, under a "cat's paw" theory of liability, a "discriminatory termination claim can proceed against an employer who negligently permitted the plaintiff's co-worker, a low-level employee harboring discriminatory intent, to induce the plaintiff's termination." *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 274 (2d Cir.

5

2016).  While that is true, there are no allegations in the SAC that Baptiste or Rivers played *any* role in, let alone "induce[d]" Plaintiff's termination.  *Id.*  Generally speaking, a lower-level employee's animus can be imputed to the ultimate decisionmaker of an adverse action, but that is only the case where the non-decisionmaker "played *a meaningful role* in the [decision-making] process."  *Bickerstaff v. Vassar College*, 196 F.3d 435, 450 (2d Cir. 1990) (emphasis added).  While Plaintiff, in her Opposition, denies that Defendant Glass was the "sole decision-maker" with respect to her termination, Pl. Mem. 12, the SAC is devoid of any allegations that anyone other than Glass—let alone Rivers or Baptiste specifically—was meaningfully involved in that decision.  *See* SAC ¶ 177 ("Defendant Glass told Plaintiff that he was terminating her employment effective May 20, 2022, based on her work performance.").[3]

Accordingly, because Plaintiff has not set forth any allegations that her termination was motivated by discrimination, Defendants' motion to dismiss any employment discrimination claims arising from her termination is granted.

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss Plaintiff's Second Amended Complaint is **GRANTED** with respect to: (1) Plaintiff's reasonable accommodation claims, and (2) Plaintiff's employment discrimination claims arising from her termination.  The motion is denied in all other respects.

---

[3] Plaintiff notes that the SAC alleges that Glass "overlooked and disregarded" Rivers's harassment of Plaintiff because of his good relationship with Rivers, Pl. Mem. 13, but that does not establish that Rivers played a role in Glass's decision to terminate Plaintiff.

6

A separate Order will issue scheduling an Initial Pretrial Conference in this matter and setting a deadline for the submission of pre-conference materials.

The Clerk of Court is respectfully directed to terminate ECF No. 18.

Dated: January 15, 2025
New York, New York

_____
DALE E. HO
United States District Judge